

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ALEX CHRISTOPHER WILLIAMS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION No. 2:19-CV-025-Z |
| | § | (CRIMINAL ACTION No. 2:16-CR-36) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER DENYING
## MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Before the Court is Petitioner Alex Christopher Williams's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion") (ECF No. 2 at 12), submitted to the prison mail system for filing on January 31, 2019. The Respondent filed a Response to the Motion. *See* ECF No. 5. Petitioner did not file a Reply to the Response. For the reasons set forth below, the Court **DENIES** the Motion.

### BACKGROUND

Petitioner moves to set aside his sentence under 28 U.S.C. § 2255. On August 8, 2016, Petitioner pleaded guilty to convicted felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See* CR ECF No. 21 at 3.[1] The Court held a sentencing hearing and rendered judgment on December 12 and 13, 2016, respectively. *See* CR ECF Nos. 33, 34. Petitioner was sentenced to 72 months in the custody of the Bureau of Prisons and three years of supervised release. CR ECF No. 34. On December 16, 2016, Petitioner filed an appeal to the Fifth Circuit Court of Appeals. *See* CR ECF No. 36. The Fifth Circuit affirmed Petitioner's conviction and sentence by written opinion on October 24, 2017. CR ECF No. 41 at 1 (file stamped copy of appellate court

---

[1] The Court will cite Petitioner's criminal case record, *United States v. Williams*, 2:16-CR-36-Z-BR, as "CR ECF No."

opinion, reflecting date of issuance of the opinion). The mandate from the Fifth Circuit was issued on November 15, 2017. CR ECF No. 42.

Petitioner asserts that his Motion is timely, as he submitted his Motion for filing on January 31, 2019 — one year and 90 days after the *mandate* was issued by the Fifth Circuit. The Government argues the 90-day period for finality of conviction started when the *opinion* affirming the conviction and sentence was issued on October 24, 2017 — not when the mandate was issued — rendering the filing deadline for the Motion as January 22, 2019.

### LEGAL STANDARD

"Section 2255 provides relief for a petitioner who can establish that either (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (internal marks omitted). "[A] defendant is limited to alleging errors of a constitutional or jurisdictional magnitude." *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (internal marks omitted).

### ANALYSIS

The Fifth Circuit made clear how it determines finality:

> The issuance of the mandate does not determine when a conviction is final for purposes of the AEDPA statute of limitations. *See United States v. Gamble*, 208 F.3d 536, 536 (5th Cir. 2000) (per curiam). And under Supreme Court Rule 13(3), the 90–day period for seeking a writ of certiorari runs from the date of entry of judgment, not the date the mandate issues. The binding law indicates that [the movant] should have known that . . . the date the original opinion issued from this court[] was the relevant date for limitations purposes, not the date the mandate issued.

*United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008) (holding that "[t]he issuance of the mandate does not determine when a conviction is final[,]" but rather, "the date the original opinion issued" from the Fifth Circuit).

Petitioner did not file a Reply to the Response asserting equitable tolling, statutory tolling, or actual innocence. As such, Petitioner's Motion is untimely and subject to denial on that ground.

CONCLUSION

For the reasons set forth above, the Court **DENIES** Petitioner's Motion to Vacate. *See* ECF No. 2.

**SO ORDERED**.

February 15, 2022.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE